IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ZOTAHN SEAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3289 |
| | ) | |
| SCHWAN FOOD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on pro se Plaintiff Zotahn Seah's Motion for Summary Judgment (d/e 9) and Defendant Schwan Food Company's Motion for Sanctions (d/e 15). Seah's pending Complaint (d/e 1) alleges that Schwan discriminated against him on the basis of his race when it declined to hire him.[1] For the reasons set forth below, both Motions are denied.

I.   MOTION FOR SUMMARY JUDGMENT

Seah asserts that he is entitled to summary judgment because Schwan

---

[1]The Court notes that Seah has filed a Motion for Leave to File Amended Complaint (d/e 19). The time allotted by Local Rule for Schwan to respond to this Motion has not passed.

1

failed to respond to his Complaint within twenty-one days. Schwan asks the Court to strike Seah's Motion for Summary Judgment for failure to comply with Local Rule 7.1(D). Alternatively, Schwan asks the Court to deny the Motion on its merits.

The Court declines Schwan's request to strike d/e 9. Local Rule 7.1(D)(6) provides: "Exceptions – Local Rule 7.1(D) does not apply to pro se litigants, social security appeals, or any other case upon the showing of good cause." Schwan urges the Court to require Seah to demonstrate good cause for his failure to comply with Local Rule 7.1(D). However, the rule does not require a showing of good cause in order for the Court to excuse compliance on the part of pro se litigants. Seah was not required to comply with Local Rule 7.1(D). The Court turns its attention to the merits of Seah's Motion for Summary Judgment.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if it could affect the outcome of the suit under the applicable law, and a dispute is genuine where the evidence is such that a reasonable jury could return a

2

verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In ruling on a motion for summary judgment, the Court may not weigh the evidence, but must determine whether there is a genuine issue of material fact that warrants trial.  Id. at 249. In making this determination, the Court must view the evidence in the light most favorable to the nonmoving party, here Schwan, and must draw all reasonable inferences in Schwan's favor.  See id. at 255.

The undisputed record evidence demonstrates that Seah is not entitled to summary judgment.  Although a summons (d/e 4) was issued on November 18, 2009, and forwarded to the United States Marshal for service, the record establishes that Schwan was not served until January 21, 2010.  Summons Returned Executed (d/e 12).  Schwan timely filed an Answer (d/e 6) on February 11, 2010.  See Fed. R. Civ. P. 12(a)(1)(A)(I).  Seah's Motion for Summary Judgment is denied.

II.    MOTION FOR SANCTIONS

Schwan asks the Court to impose sanctions against Seah pursuant to 28 U.S.C. § 1927.[2]  As Schwan correctly notes, Seah filed four documents

---

[2]Title 28 U.S.C. § 1927, captioned "Counsel's liability for excessive costs," provides:

3

relating to Schwan's alleged failure to timely respond to his Complaint. Motion for Entry of Default (d/e 5); Motion for Summary Judgment (d/e 9); Plaintiff's Formal Objection to Defendant's Response to the Plaintiff's Motion for Entry of Default Judgment (d/e 11); Formal Objection to Defendant's Response to the Plaintiff's Motion for Entry to Default Judgment (Continuation) (d/e 13). Schwan asserts that this conduct unreasonably and vexatiously multiplied the litigation such that sanctions are appropriate. Schwan contends that, although Seah is pro se, he has participated in two other lawsuits in federal court and is knowledgeable about federal procedure.

The Court allowed Seah's request to proceed in forma pauperis on November 17, 2009, directing the Clerk to issue a summons and forward it to the United States Marshal for service. Seah filed his Motion for Entry

---

>  Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

There is a split of authority, unresolved in this Circuit, as to whether a pro se litigant can be sanctioned under § 1927. See Simmons v. Collection Professionals, Inc., 2010 WL 569889, at *1 (C.D. Ill. Feb. 12, 2010). "However, the Seventh Circuit has made clear that regardless of whether § 1927 can be applied to pro se litigants, the Court nevertheless has the inherent authority to award sanctions for conduct that needlessly and vexatiously multiplies the costs of litigation . . . ." Id.

4

of Default on January 27, 2010. At this time, the record did not contain an executed summons, reflecting the date of service by the Marshal. Seah then filed his Motion for Summary Judgment on February 16, 2010, the day before Judge Evans denied Seah's request for default in a Text Order, dated February 17, 2010. Additionally, the Court notes that Magistrate Judge Charles Evans ruled on Seah's Objection to Defendant's Response without requiring Schwan to brief the matter.

Given these circumstances and Seah's pro se status, the Court finds that sanctions are not appropriate under either § 1927 or the Court's inherent authority. Schwan's Motion for Sanctions is denied. However, Plaintiff is cautioned that the issue of the timeliness of Schwan's Answer (d/e 6) has been resolved. Should Plaintiff continue to raise this issue, Schwan is invited to file a renewed request for sanctions for the Court's consideration.

THEREFORE, pro se Plaintiff Zotahn Seah's Motion for Summary Judgment (d/e 9) and Defendant Schwan Food Company's Motion for Sanctions (d/e 15) are DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: March 31, 2010

    FOR THE COURT:

                                             s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE