IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ZOTAHN SEAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-3289 |
| ) | |
| SCHWAN FOOD COMPANY, ) | |
| ) | |
| Defendant. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Schwan Food Company's Motion to Dismiss (d/e 24) and accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss (d/e 28) (Defendant's Memorandum). Pro se Plaintiff Zotahn Seah's Amended Complaint (d/e 22) alleges that Defendant Schwan Food Company violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., by refusing to hire him because of his race. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion to Dismiss is denied.

In analyzing the pending Motion, the Court must accept as true all

well-pleaded factual allegations contained in the Amended Complaint and draw all inferences in the light most favorable to Seah. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Seah applied for a job and was not hired. Seah alleges that the hiring manager for Schwan Food Company told Seah that he was automatically disqualified from the job because he was not white. Amended Complaint, p. 5. Seah further alleges that the interview manager made offensive, race-based remarks to him. Id.

Schwan Food Company moves to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). According to Schwan Food Company, Seah never applied for employment with Schwan Food Company, but rather applied to Schwan's Home Service, Inc. In support of its argument, Schwan Food Company relies on a Declaration of James Denzer, an employee of Schwan's Shared Services, LLC. See Defendant's Memorandum, Ex. 1. Denzer avers that, in the course of his employment, he has access to the employment and applicant records of Schwan's Home Service, Inc. and the business records of The Schwan Food Company. Id., Ex. 1, ¶ 2. According to Denzer, Seah never applied for employment with The Schwan Food

2

Company, but rather he applied for a Customer Service Manager Trainee position with Schwan's Home Service, Inc. Id., Ex. 1, ¶ 3-4. Denzer further avers that Schwan Food Company has no authority over employment or hiring decisions by Schwan's Home Service, Inc. Id., Ex. 1, ¶ 5. Seah responds that The Schwan Food Company and Schwan's Home Service, Inc. are "one in the same entity." Plaintiff's Brief in Response to Defendant's Motion to Dismiss (d/e 33), p. 2. Seah has provided two printed pages from web sites, which he asserts support his position. Id., Ex. A.

The Denzer Declaration and the material presented by Seah constitute matter outside the Amended Complaint. "[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." Miller v. Herman, 600 F.3d 726, 733 (7th Cir. 2010). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under the circumstances of the instant case, the Court does not deem it appropriate to convert the pending Rule 12(b)(6) motion to a Rule 56 summary judgment motion. Neither party has requested that the pending motion be treated as a motion for summary judgment, and

conversion to summary judgment would delay a ruling. The Court is of the opinion that some discovery would be appropriate on the relationship, if any, between Schwan Food Company and Schwan's Home Service, Inc. Therefore, the Court excludes the Denzer Declaration and Ex. A to Seah's Brief in Response to Defendant's Motion to Dismiss from consideration in ruling on Defendant's Motion to Dismiss.

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of that individual's race, color, or national origin. 42 U.S.C. § 2000e-2(a)(1). The factual allegations of Seah's Amended Complaint contain sufficient facts to state a claim to relief under Title VII that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (instructing that a claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Seah alleges actionable misconduct by a hiring manager for Schwan Food Company. See, e.g., Heinze v. Southern Illinois Healthcare, 2010 WL 276722, at *3 (S.D.Ill. January 19, 2010) (noting that a complaint alleging employment

4

discrimination need only allege that the employer instituted a specified adverse employment action against the plaintiff on the basis of his or her protected status).  Thus, Schwan Food Company's request to dismiss for failure to state a claim is denied.

THEREFORE, Defendant Schwan Food Company's Motion to Dismiss (d/e 24) is DENIED.  Defendant is directed to answer Plaintiff's Amended Complaint on or before August 2, 2010.  The matter is referred to Magistrate Judge Evans for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:  July 8, 2010

    FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE